**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALLA RADA, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>VERSANT MEDIA, LLC and E! ENTERTAINMENT TELEVISION, LLC<br><br>Defendants. | **Case No.: 1:25-cv-10679-ALC**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S SUR-REPLY IN RESPONSE TO DEFENDANTS VERSANT MEDIA, LLC AND E! ENTERTAINMENT TELEVISION, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION**

Dated: April 1, 2026

Mark S. Reich (MR-4166)
Gary Ishimoto *
Christopher V. DeVivo (5969787)
Michael N. Pollack (6173272)
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com
Email: gishimoto@zlk.com
Email: cdevivo@zlk.com
Email: mpollack@zlk.com

*Counsel for Plaintiff*

**pro hac vice* forthcoming

## TABLE OF CONTENTS

ARGUMENT ........................................................................................................................ 1

I. Defendants' Reply Makes Misleading Statements and Mischaracterizes Record .......... 1

II. Defendants' Reply Relies on New Factual Assertions and Evidence............................ 3

CONCLUSION..................................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases**

*Bernardino v. Barnes & Noble Booksellers, Inc.*,
No. 17-CV-04570 (LAK) (KHP), 2017 WL 7309893 (S.D.N.Y. Nov. 20, 2017) ..................... 3

*Nicholas v. Wayfair Inc.*,
410 F. Supp. 3d 448 (E.D.N.Y. 2019) ..................................................................... 3

*Starke v. Gilt Groupe, Inc.*,
No. 13 Civ. 5497(LLS), 2014 WL 1652225 (S.D.N.Y. Apr. 24, 2014) .................................... 3

*Zachman v. Hudson Valley Fed. Credit Union,*
49 F.4th 95(2d Cir. 2022) ........................................................................................ 2

Plaintiff respectfully submits this Sur-Reply to address arguments and evidence improperly raised for the first time in Defendants' Reply (the "Reply") (ECF No. 19). As set forth below, Defendants (i) make several misleading and/or factually incorrect assertions that mischaracterize the record, and (ii) introduce new factual assertions and evidence concerning Defendants' website's (the "Website") functionality. Nonetheless, neither of Defendants' arguments establishes that Plaintiff assented to Defendants' Terms of Service ("TOS") and, therefore, Defendants' Motion to Compel Arbitration (the "Motion") (ECF Nos. 15-16) should be denied to, at minimum, allow for limited discovery on the issue of contract formation.

## ARGUMENT

### I. Defendants' Reply Makes Misleading Statements and Mischaracterizes the Record

Defendants' Reply repeatedly mischaracterizes Plaintiff's position by presenting disputed factual issues as settled. For example, Defendants assert that "the only argument that the Opposition makes for why this Court should not compel this case to arbitration is that Plaintiff allegedly did not manifest her assent to Defendants' Terms." Reply at 1. That characterization is incorrect.

Plaintiff's response briefing ("Response") (ECF No. 18) did not present a single, narrow argument regarding assent. Rather, Plaintiff argued that: (1) Defendants failed to meet their evidentiary burden under the applicable summary judgment standard; and (2) the issue of contract formation cannot be resolved without the development of a factual record. *See* Response at §§ B, D. These arguments go directly to whether Defendants have carried their burden, not merely whether assent can be inferred from Plaintiff's alleged conduct. Defendants' attempt to reduce and oversimplify the dispute into a single issue of "assent" improperly sidesteps Plaintiff's arguments regarding evidentiary deficiencies and the need for factual development.

In any event, Defendants' position is inconsistent with the summary judgment standard governing motions to compel arbitration, which requires the Court to view the evidence in the light most favorable to Plaintiff and draw all reasonable inferences in her favor. *Zachman v. Hudson Valley Fed. Credit Union,* 49 F.4th 95, 101 (2d Cir. 2022). Plaintiff identified multiple factual disputes in her Opposition, including whether a reasonable user would understand that merely continuing to browse Defendants' Website, without taking any affirmative action, constitutes assent, and whether the Website's cookie banner permitted users to proceed without agreeing to the TOS.[1]

Defendants also mischaracterize Plaintiff's "alternative path" argument. They assert that a user cannot dismiss the "Your Privacy Choices" pop-up and proceed without manifesting assent. Reply at 7. In fact, a user could effectively "dismiss" the pop-up without ever assenting to the TOS. Importantly, Plaintiff never argued that a user could simply "dismiss" the "Your Privacy Choices" pop-up. Rather, as set forth in the Response, a user may interact with the "Your Privacy Choices" interface, toggle preferences, and select "Confirm My Choice" without ever clicking "Continue." *See* Response at 3. This is Plaintiff's point: the central question, which Defendants still fail to address, is whether taking that "alternative path" would reasonably be understood by a user as manifesting assent to the TOS.

Finally, Defendants assert that "[t]here is no reasonable conclusion other than that by continuing to use the Website, Plaintiff agreed to the Terms." Reply at 7. That is not an established fact, but a disputed inference at the heart of this case. Rather than resolve that dispute, Defendants shift their position in Reply, now arguing that the cookie banner conditioned assent on

[1] Defendants' Reply fails to address Plaintiff's argument related to whether the contextual relationship of Plaintiff's interactions with the Website supports a finding of her assent. Therefore, Defendants have waived any argument in opposition to that point.

"continuing," not clicking a specific button. Reply at 3. This appears to mark a departure from the arguments asserted in Defendants' initial Motion Brief, which relied on authority involving interfaces, specifically modified clickwrap agreements, that required an affirmative act, such as clicking a button, to manifest assent. *See* Motion at 11–12 (citing *Nicholas v. Wayfair Inc.*, 410 F. Supp. 3d 448, 453 (E.D.N.Y. 2019); *Bernardino v. Barnes & Noble Booksellers, Inc.*, No. 17-CV-04570 (LAK) (KHP), 2017 WL 7309893, at *5 (S.D.N.Y. Nov. 20, 2017); *Starke v. Gilt Groupe, Inc.*, No. 13 Civ. 5497(LLS), 2014 WL 1652225, at *3 (S.D.N.Y. Apr. 24, 2014)). Defendants' attempt to recast passive browsing as sufficient to establish assent underscores the existence of disputed factual issues that cannot be resolved on the current record.

## II. Defendants' Reply Relies on New Factual Assertions and Evidence

Defendants' Reply also introduces new factual material through a revised supplemental declaration describing the Website's user interface and functionality, including whether users can navigate the site without manifesting assent; however, this additional material does not establish assent.

Notably, the supplemental declaration states that the cookie banner remains displayed unless and until a user confirms their selections through the privacy interface. *See* Supp. Decl. of Sameer Arya ¶¶ 3-6. This further highlights that users ***must*** take some form of action within the interface—undermining Defendants' contradictory position in its Reply that mere continued browsing alone constitutes assent. *See* Motion at 11–12. At a minimum, these new factual assertions confirm that the question of assent is fact-dependent and cannot be resolved on the pleadings; they do not constitute evidence that users actually assented.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendants' Motion in its entirety. In the alternative, Plaintiff respectfully requests that the Court permit limited discovery on the issue of assent.

Dated: April 1, 2026

**LEVI & KORSINSKY, LLP**

By: *<u>/s/ Christopher V. DeVivo</u>*
Mark S. Reich (MR-4166)
Gary Ishimoto *
Christopher V. DeVivo (5969787)
Michael N. Pollack (6173272)
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com
Email: gishimoto@zlk.com
Email: cdevivo@zlk.com
Email: mpollack@zlk.com

*Counsel for Plaintiff*

**pro hac vice* forthcoming

## CERTIFICATE OF COMPLIANCE WITH WORD-COUNT LIMIT

This document complies with the word-count limitation of Local Rule 7.1(c) because, excluding the parts of the document that are exempted, this document contains 928 words. This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft 365) used to prepare the document.

By: *<u>/s/ Christopher V. DeVivo</u>*
Christopher V. DeVivo